UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE CHAO, SECRETARY OF LABOR,            *
   United States Department of Labor,        *
                                             *
                              Plaintiff,     *
                                             *   CIVIL ACTION
                v.                           *
                                             *   FILE NO.
LAURIAT'S, INCORPORATED RETIREMENT           *
   PLAN & TRUST,                             *
                                             *
                              Defendant.     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

ORDER

WHEREAS, this action was filed by the Secretary of Labor pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" of the Act), 29 U.S.C. § 1001 et seq. , and by the authority vested in her by ERISA Section 502(a)(5), alleging that the Lauriat's, Incorporated Retirement Plan and Trust ("the Plan") was in violation of ERISA Sections 402 and 403; and,

The Defendant Plan was and is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to members of the Plan sponsor, Lauriat's, Incorporated, an employer, the employees of which were covered by a plan subject to Title I of ERISA;

1. The Secretary of Labor's application for appointment of a successor fiduciary is hereby granted.

2. The status quo of the Plan shall be maintained pending an orderly transfer

to the independent fiduciary.

3. The Court hereby appoints Attorney Marcia S. Wagner as the successor Independent Fiduciary of the Plan with authority to administer the Plan and, if necessary, implement its orderly termination. In performing her duties, she shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal and administer all of the Plan's assets; evaluate all claims outstanding against them and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

4. The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan.

5. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedure or policies of the Plan which conflict with his duties under ERISA. The Independent Fiduciary shall present his plan to the Court for approval prior to implementation.

6. The Independent Fiduciary is empowered to require the Plan Custodians to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations in the Plan Custodians' possession, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order, and that the Plan Custodian(s) is authorized to provide to the

Independent Fiduciary.

7.  The Independent Fiduciary is empowered to give instructions to the Plan Custodian(s) respecting the disposition of assets of the Plan held by it.

8.  The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents and Federal law.

9.  The Independent Fiduciary shall be subject to such orders as the Court may direct, including the filing of interim and final reports.  Upon application and appropriate documentation, the Independent Fiduciary shall receive such compensation as the Court may from time to time approve, in addition to reimbursement of expenses actually incurred in the performance of her duties.

10.  In the performance of her duties, the Independent Fiduciary may retain such assistance as she may reasonably require, including attorneys, accountants, actuaries and other service providers.

11.  The payment of administrative expenses and fees to the Independent Fiduciary, her assistants, attorneys, accountants, actuaries and to the Plan Custodian, and other necessary service providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or obligation.  The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

12. The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or the related entities which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

By _____
United States District Court Judge